UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN ROLLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 1:15-CV-022-HSM-SKL |
| v. | ) |
| | ) |
| FRANCISCO QUINTANA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This is a pro se prisoner's petition for habeas corpus relief filed under 28 U.S.C. § 2254. On November 27, 2017, the Court entered an order providing that Petitioner would have fifteen days from the date of entry of the order to pay the full filing fee or to submit the necessary documents to proceed *in forma pauperis* [Doc. 2]. The Court also warned Petitioner that if he failed to timely comply with that order, the Court would presume that Petitioner is not a pauper, assess the full amount of fees, and order the case dismissed for want of prosecution and/or failure to comply with Court orders [*Id.* at 1]. More than eighteen days have passed[1] since entry of this order and Petitioner has not complied therewith.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

---

[1] Service of the Court's previous order was made by mail pursuant to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure. Accordingly, Petitioner had an additional three days to respond to the order. Fed. R. Civ. P. 6(d).

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Petitioner's failure to respond to or comply with the Court's previous order is due to Petitioner's willfulness and/or fault. Specifically, the Court sent Petitioner an order providing him with instructions as to how to proceed in this matter and directing the Clerk to send Petitioner the necessary documents [Doc. 2]. Petitioner's failure to respond may be willful (if he received the order and declined to respond), or it may be negligent (if he did not receive the order because he failed to update his address and/or monitor this action as required by Local Rule 83.13). Either way, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Respondent has not been prejudiced by Petitioner's failure to comply with the Court's order, as the Court has not yet ordered Respondent to respond to the § 2254 petition.

As to the third factor, the record reflects that Petitioner was warned that the Court would dismiss this case if he failed to comply with the Court's order [Doc. 2 p. 1].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Petitioner was a prisoner at the time he filed his petition nearly three years ago and he has not pursued this action since doing so.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Petitioner's action without prejudice pursuant to Rule 41(b). Accordingly,

Petitioner will be **ASSESSED** the filing fee of $5.00 and this action will be **DISMISSED without prejudice** pursuant to Rule 41(b).

The custodian of Petitioner's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Petitioner's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the trust account custodian shall submit twenty percent (20%) of Petitioner's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $5.00 has been paid to the Clerk's Office. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To ensure compliance with the fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the Lexington Federal Medical Center and to the Commissioner of the Bureau of Prisons to ensure that the custodian of Plaintiffs' inmate trust accounts complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fees. This order shall be placed in Petitioner's institutional file and follow him if he is transferred to another correctional facility. The Clerk will also be **DIRECTED** to furnish copies of this memorandum opinion and the accompanying order to the Court's financial deputy. [2]

---

[2] The Court is aware that this directive may be futile. On December 27, 2017, the Court received information indicating that plaintiff may have been released from the custody of the Bureau of Prisons. If this is so, the plaintiff did not furnish the Court with a forwarding address, as is also required.

The Court must now decide whether to grant Petitioner a certificate of appealability ("COA"). A COA should issue where a petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is dismissing this petition because Petitioner did not comply with a Court order, a procedural ground. Reasonable jurists could not find that this dismissal is debatable or wrong. Accordingly, a certificate of appealability shall not issue and, should Petitioner file a notice of appeal, leave to appeal *in forma pauperis* will be **DENIED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

                 */s/ Harry S. Mattice, Jr.*
                 HARRY S. MATTICE, JR.
                 UNITED STATES DISTRICT JUDGE